WARNER D. ORVIS et al., Copartners Doing Business as ORVIS BROTHERS & COMPANY, Plaintiffs, *v.* ELLIOTT V. BELL, Superintendent of Banks of the State of New York, as Liquidator of the New York Branch of Mitsui Bank Ltd., Defendant.

Supreme Court, Special Term, New York County, January 27, 1944.

*Edward Feldman* for defendant.

*Baer & Marks* for plaintiffs.

VALENTE, J. This is a motion to dismiss the complaint for alleged failure to state a good cause of action.

That pleading proceeds upon the theory that plaintiffs are preferred creditors of the Mitsui Bank Ltd., and entitled to payment out of the assets of the New York branch of which the State Superintendent of Banks has been appointed liquidator. This theory is untenable. By express provision of subdivi-

sion 4 of section 606 of the Banking Law, the only claims entitled to a preference where the Superintendent of Banks takes possession of the business and property of a foreign banking corporation for the. purpose of liquidation are those " arising out of transactions had by them [the claimants] with its New York agency or agencies " or the claims of those " whose names appear as creditors on the`books of such agency or agencies ". The facts alleged in the complaint do not bring the claim of the plaintiffs within either of these two categories.  The mere fact that the New York branch was employed to transmit the consent of plaintiffs to withdrawals from the Osaka branch in Japan and to forward to plaintiffs advices from Japan of the making of deposits to the account existing in the Osaka branch, is insufficient basis for holding that plaintiffs' claim arose out of transactions had by them with the New York branch of Mitsui Bank Ltd.  There is no allegation that the plaintiffs' names appear as creditors on the books of the New York agency. Under the circumstances plaintiffs' contention that they are entitled to a preference in the liquidation of the assets of the New York branch must be overruled.

Plaintiffs attempt to sustain the sufficiency of their complaint on the theory that in any event they are entitled to share in the surplus after satisfaction of the claims of preferred creditors.  Apart from the fact that this is not the theory of their complaint, it need only be observed that subdivision 4 of section 606 of the Banking Law provides that whenever the claims of preferred creditors and the expenses of the liquidation have been paid in full, the Superintendent of Banks, upon the order of the Supreme Court, is required to turn over the remaining assets to the principal office of the foreign banking corporation. Furthermore, the court may take judicial notice of the fact that the Alien Property Custodian by Vesting Order No. 912, dated ·February 15, 1943, has vested in himself the surplus remaining after the payment of the claims of creditors arising out of transactions had by them with the New York agency of Mitsui Bank Ltd. and the claims of creditors whose names appear as such on the books of the New York agency, together with interest on the claims and the expenses of the liquidation.

The motion to dismiss the complaint for insufficiency is granted, with ten dollars costs.