CONNOLLY, FIERSON & WALLANDER, INC., Respondent, v WILLIAMS REAL ESTATE CO., INC., et al., Defendants, and SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK IN POSSESSION OF THE NEW YORK BRANCH OF BANCO DE INTERCAMBIO REGIONAL, Appellant.

GALBREATH-RUFFIN CORPORATION, Respondent, v PARK AVENUE PROPERTIES ASSOCIATES, Defendant and Third-Party Plaintiff.

BANCO DE INTERCAMBIO REGIONAL, Third-Party Defendant; SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK IN POSSESSION OF THE NEW YORK BRANCH OF BANCO DE INTERCAMBIO REGIONAL, Appellant.

First Department, April 16, 1981

APPEARANCES OF COUNSEL

*Conrad K. Harper* of counsel *(John J. Kerr, David W. Ichel* and *Molly K. Heines* with him on the brief; *Simpson Thacher & Bartlett*, attorneys), for appellant.

*William J. Robbins* of counsel *(Vivienne W. Nearing* with him on the brief; *Stroock & Stroock & Lavan*, attorneys), for Connolly, Fierson & Wallander, Inc., respondent.

KUPFERMAN, J. P.

This is a consolidated appeal from two orders rendered in separate actions involving claims against Banco de Intercambio Regional (BIR) and others. BIR is in the process of liquidation in its foreign domicile. Special Term by these orders directed the Superintendent of Banks of New York, who came into possession of the New York business operations and property of BIR after these actions had been commenced, to represent BIR in each action.

BIR, a private Argentine banking corporation until it was seized for liquidation in Argentina by the Central Bank of Argentina on March 28, 1980, executed a lease on July 20, 1978 for portions of the first two floors of 445 Park Avenue. BIR planned to use portions of one floor for its operations and the remainder of the leasehold for a licensed New York branch that it contemplated forming shortly thereafter. In order for a bank to obtain a license to establish a branch, the Banking Department requires submission of a conditional lease for the proposed branch location.

Plaintiff-respondent, Connolly, Fierson & Wallander, Inc. (Connolly), is a real estate broker which seeks, in the first action, to recover a commission for having procured the space for the BIR offices. In its action commenced on January 3, 1979, Connolly alleges that defendant Williams Real Estate Co., Inc. (Williams), a real estate broker and managing agent for Park Avenue Associates (Associates), landlord of the 445 Park Avenue building, first sought plaintiff's assistance in procuring a lessee for the premises, and then tortiously interfered with plaintiff's efforts to procure BIR as lessee. Once BIR was procured, Williams allegedly breached its agreement to pay plaintiff its commission as procuring broker. Plaintiff Connolly also alleges that BIR tortiously interfered with Williams' agreement to pay plaintiff its commission and, finally, that all three defendants, Williams, Associates and BIR, conspired to deprive it of the brokerage commission. Defendants Williams and Associates cross-claimed against BIR on the basis of an indemnification clause in BIR's lease. BIR in turn cross-claimed against both Williams and Associates on an alleged con-

spiracy between them to pay a brokerage commission only to Williams and counterclaimed against plaintiff for false representations.

In the second action commenced on November 14, 1978, plaintiff Galbreath-Ruffin Corp. (G-R) claimed a brokerage commission due from defendant Associates, alleging that G-R had produced a ready, able and willing tenant for the same space at 445 Park Avenue. Associates impleaded BIR as a third-party defendant based on the indemnification clause in BIR's lease.

The Superintendent of Banks, who had licensed the New York branch of BIR (BIRNY), took possession of the business and property of BIRNY on March 28, 1980, in accordance with subdivision 4 of section 606 and subdivision 1 of section 618 of the Banking Law, which authorizes such action when a foreign banking corporation is in liquidation in its domicile. The Supreme Court, New York County, thereafter confirmed this action. Shortly after the superintendent took possession, the Banking Department requested New York counsel for BIR to turn over its files on these two pending actions. After reviewing the files, the superintendent by service of affidavits on all parties on June 26, 1980, stated her position with respect to the representation of BIR. The superintendent made a distinction between the business and property associated with the branch as described in section 606 (subd 4, par [c], cl [1]) of the Banking Law, and that business and property associated with BIR under section 606 (subd 4, par [c], cl [2]), in which she disclaimed interest, leaving this remainder to the jurisdiction of the Argentine liquidator. The superintendent had thus declined to represent BIR in these actions.

At a pretrial conference for both actions on June 27, 1980, New York counsel for BIR orally requested, and on July 16, 1980 formally moved for, leave to withdraw on the grounds that there was no longer any entity for the firm to represent. After receipt of the superintendent's affidavit, BIR counsel's stance was that, even if there were anything left of BIR not already under the jurisdiction of the New York Banking Department or the Argentine liquidator,

there was no entity that could be considered a client. On August 28, 1980, Connolly, in its action, cross-moved for an order directing the superintendent to appear as attorney for BIR. The motion by BIR counsel to withdraw was granted, and there is no appeal therefrom. In the memorandum accompanying its order, Special Term ruled that by choosing to take possession of a part of BIR's business and property in this State, the superintendent became obligated to defend claims arising out of such assets. We disagree.

The pertinent subdivision of the Banking Law, subdivision 4 of section 606, contains discretionary language. The superintendent is authorized by the permissive term "may", to defend actions relating to foreign banks' business and property situated in New York. Even viewed in context, the term "may", although unaccompanied by an additional phrase "in his/her discretion", which Connolly argues would be necessary to find a grant of discretion, does not point to any other construction.

Such discretion is not subject to judicial review except for abuse, or for an unreasonable or arbitrary application thereof. *(Matter of Howard v Wyman,* 28 NY2d 434, 438.) There is precedent for the distinction between a foreign bank and its New York situated business and property. *(Orvis v Bell,* 182 Misc 616, affd without opn 268 App Div 851, affd without opn 294 NY 844.) The superintendent's action cannot be construed as arbitrary or unreasonable. BIR is the entity being sued, not BIRNY. BIRNY was not in existence when the causes of action arose. To require the superintendent to defend, when only a portion of the premises for which a commission is claimed would be attributable to the entity under the superintendent's jurisdiction, has its unfair aspects as well, especially since the Argentine liquidator has the option to defend.

The order of the Supreme Court, New York County (KAPLAN, J.), entered on October 7, 1980, granting, *inter alia,* a cross motion of plaintiff-respondent Connolly, Fierson & Wallander, Inc., to require the appellant, Superintendent of Banks of New York, to represent defendant Banco de Intercambio Regional in this action, should be modified on the law, to the extent of denying the cross motion

and, as modified, affirmed, without costs and without disbursements.

The order of the Supreme Court, New York County (KAPLAN, J.), issued *sua sponte* and entered October 7, 1980, requiring appellant Superintendent of Banks of New York to represent third-party defendant Banco de Intercambio Regional in the action brought by plaintiff Galbreath-Ruffin Corp. against Park Avenue Properties Associates, should be reversed on the law, without costs and without disbursements.

SANDLER, SULLIVAN, MARKEWICH and FEIN, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 7, 1980, granting, *inter alia*, a cross motion of plaintiff-respondent Connolly, Fierson & Wallander, Inc., to require the appellant to represent Banco de Intercambio Regional in this action, is modified, on the law, to the extent of denying the cross motion and, as modified, affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on or about October 7, 1980, issued *sua sponte* requiring appellant to represent third-party defendant Banco de Intercambio Regional in the action brought by plaintiff Galbreath-Ruffin Corp. against Park Avenue Properties Associates, is reversed, on the law, without costs and without disbursements.